In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00162-CV
_____

IN RE COMMITMENT OF CARL ALTHOFF ROBINSON

_____

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 13-07-07692 CV
_____

## MEMORANDUM OPINION

Carl Althoff Robinson challenges his commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2014) (the SVP statute). In a single issue presented for his appeal, Robinson contends the trial court abused its discretion under Rule 403 of the Texas Rules of Evidence by allowing the State to develop further testimony concerning Robinson's sexual offenses after reading to the jury Robinson's admissions to the offenses. We overrule the issue and affirm the trial court's judgment.

1

At the beginning of the trial, the State read to the jury Robinson's admissions which he made during pre-trial discovery in response to the State's request for admissions. Robinson admitted to the fact of his convictions and the sentences for sexually assaulting two six-year-old children. He admitted certain additional facts, not alleged in the indictments, about the commission of those offenses.

After the admissions were read to the jury, the State presented a psychiatrist, Dr. Sheri Gaines, to provide her opinion as an expert about whether Robinson suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. When counsel for the State asked Dr. Gaines what the records she reviewed and relied upon in forming her opinion indicated happened between Robinson and one of the victims, Robinson objected that the "details of the offense" were "unduly prejudicial" and outweighed the probative value. The trial court overruled the objection and granted a running objection.

Dr. Gaines described the details of that offense as they were described in the police records, then described the details for the offense that Robinson committed against the other victim. She described items the police found in a search of Robinson's home. Dr. Gaines related her interview with Robinson and stated that Robinson essentially blamed the six-year-old children for initiating the offenses.

Dr. Gaines explained that she diagnosed Robinson with pedophilic disorder. After describing the diagnostic criteria for pedophilic disorder, Dr. Gaines explained how Robinson's conduct and his possession of certain items, as revealed in the records, demonstrated that Robinson meets the criteria for pedophilic disorder. According to Dr. Gaines, this disorder has affected Robinson's emotional and volitional capacity.

Dr. Gaines testified that Robinson began an eighteen-month sex offender treatment program approximately thirteen months before the trial. She described her interview with Robinson and their discussion about his progress in sex offender treatment. Dr. Gaines believed that Robinson had successfully "intellectualized" the sex offender treatment, but he did not evidence that he had "internalized" what he had learned. Dr. Gaines noted that Robinson became noticeably sexually excited while talking about his offense against one of the victims, which indicated to her that Robinson is presently suffering from sexual deviance and that he has a behavioral abnormality. In particular, Dr. Gaines observed that Robinson is still struggling with empathy and victim blame. According to Dr. Gaines, deviancy is the major risk factor for sexual reoffending, and the disturbing details surrounding his offenses illustrate the strength of his deviancy.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence." Tex. R. Evid. 403. "Evidence is unfairly prejudicial when it has an undue tendency to suggest that a decision be made on an improper basis, commonly, but not necessarily, an emotional one." *In re Commitment of Anderson*, 392 S.W.3d 878, 882 (Tex. App.—Beaumont 2013, pet. denied). "In applying Rule 403, factors that should be considered include the probative value of the evidence, the potential of the evidence to impress the jury in some irrational way, the time needed to develop the evidence, and the proponent's need for the evidence." *Id*.

Robinson suggests that his admissions to the conduct described in the requests for admission conclusively established the existence of those facts, so repeating those facts served only to improperly inflame the emotions of the jury. Robinson's admissions, however, conclusively established only the fact of the conduct and not its significance in deciding the issue to be determined by the jury. The testimony at issue in this appeal formed the basis for Dr. Gaines's diagnosis of pedophilic disorder and her opinion that Robinson suffers from a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence.

4

Having an expert explain which facts were considered and how those facts influenced the expert's evaluation assisted the jury in weighing the expert's testimony and the opinion offered regarding the ultimate issue in the case. *In re Commitment of Day*, 342 S.W.3d 193, 199 (Tex. App.—Beaumont 2011, pet. denied). We hold the trial court did not err in overruling Robinson's objection that the "details of the offense" were "unduly prejudicial" and outweighed the probative value. We overrule Robinson's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on October 15, 2014
Opinion Delivered April 16, 2015

Before Kreger, Horton, and Johnson, JJ.